IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BROOKE D. JONES                                                                                      PLAINTIFF

v.                                            CIVIL NO. 22-6012

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Brooke D. Jones, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on May 13, 2020, alleging an inability to work since June 20, 2016, due to Meniere's Disease, COPD (chronic obstructive pulmonary disease), intervertebral disc degeneration in the lumbar region, sensorineural left ear hearing loss, spondylosis without myelopathy, pseudoarthrosis after fusion, radiculopathy, chronic pain syndrome, intervertebral disc displacement, spondylolisthesis of the lumbar region and heart issues. (Tr. 55-56, 151). An administrative telephonic hearing was held on April 9, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 37-52).

By written decision dated April 30, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12).

Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease with lumbar radiculopathy, asthma, depressive disorder, anxiety disorder, and PTSD (post-traumatic stress disorder). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except he can occasionally balance; he is limited to simple, routine, and repetitive tasks; he is limited to no interaction with the public, and only occasional interaction with coworkers and supervisors; he requires the ability to sit or stand at will; and he can walk for one hour in an eight-hour workday.

(Tr. 17). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a fishing reel assembler, a dowel inspector, and a charge account clerk. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on December 21, 2021. (Tr. 1-3). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. (ECF. No. 15). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 16). The Court has reviewed the entire transcript and the parties' briefs.

Plaintiff argues the ALJ erred in finding that he did not meet Listings 1.15, 1.16 and 11.08. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). "To meet a listing, a claimant must show that he or she meets all of the criteria for the listed impairment. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). After reviewing the record as a whole, the Court finds substantial evidence supports the ALJ's determination that Plaintiff's impairments do not meet or medically equal a Listing.

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. The ALJ discussed each of the opinions of the non-examining medical consultants (Drs. Kay Cogbill, Clarence Ballard, Lauren Robinson, Lisa Lowery), and the examining medical consultants (Dr. Stephen L. Swender, Dr. David Grant and Carrie Fendley, NP). With each provider, the ALJ stated how persuasive she found each medical opinion and articulated the basis for her finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed

to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 9th day of February 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE